

Search for Cases by: Select Search Method...

Judicial Links   |   eFiling   |   Help   |   Contact Us   |   Print                                                                           Logon

**17SL-CC03391 - WARREN MCLEOD V VITAL RECOVERY SERVICES, LLC (E-CASE)**

Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/Execution

This information is provided as a service and is not considered an official court record.

Sort Date Entries: ● Descending ○ Ascending        Display Options: All Entries

| | |
|---|---|
| 09/18/2017 | **Agent Served**<br>Document ID - 17-SMCC-7551; Served To - VITAL RECOVERY SERVICES, LLC; Server - ; Served Date - 08-SEP-17; Served Time - 08:55:00; Service Type - Special Process Server; Reason Description - Served |
| 09/14/2017 | **Notice of Service**<br>Served Summons.<br>    **Filed By:** BRYAN ETHAN BRODY<br>    **On Behalf Of:** WARREN MCLEOD |
| 09/07/2017 | **Summons Issued-Circuit**<br>Document ID: 17-SMCC-7551, for VITAL RECOVERY SERVICES, LLC.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service. |
| 09/06/2017 | **Filing Info Sheet eFiling**<br>    **Filed By:** BRYAN ETHAN BRODY<br>**Motion Special Process Server**<br>Special Process Server Request. APPROVED 9-7-17.<br>    **Filed By:** BRYAN ETHAN BRODY<br>    **On Behalf Of:** WARREN MCLEOD<br>**Pet Filed in Circuit Ct**<br>Petition.<br>**Judge Assigned**<br>DIV 4 |

Case.net Version 5.13.16.6                    Return to Top of Page                    Released 06/08/2017

EXHIBIT A



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JOSEPH SHOCKLEE DUEKER | Case Number: 17SL-CC03391 |
| Plaintiff/Petitioner:<br>WARREN MCLEOD<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>BRYAN ETHAN BRODY<br>1 NORTH TAYLOR AVENUE<br>SAINT LOUIS, MO  63108 |
| Defendant/Respondent:<br>VITAL RECOVERY SERVICES, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Contract-Other | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: VITAL RECOVERY SERVICES, LLC
Alias:
CSC-LAWYERS INC SERVICE CO
221 BOLIVAR STREET
JEFFERSON CITY, MO  65101

**COURT SEAL OF**

**ST. LOUIS COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

07-SEP-2017
Date

_____
Clerk

Further Information:
AMH

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____               _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____    _____
                        Date                 Notary Public

**Sheriff's Fees, if applicable**
Summons                        $_____
Non Est                        $_____
Sheriff's Deputy Salary
Supplemental Surcharge         $  10.00
Mileage                        $_____  (_____ miles @ $_____ per mile)
Total                          $_____

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* **Document ID# 17-SMCC-7551**    1    (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

# THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-99) SM30 (SMCC) *For Court Use Only*: **Document ID# 17-SMCC-7551**   2   (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only:* **Document ID# 17-SMCC-7551**   3   (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

17SL-CC03391

Electronically Filed - St Louis County - September 06, 2017 - 04:40 PM

## IN THE CIRCUIT COURT OF THE COUNTY OF SAINT LOUIS
## STATE OF MISSOURI

| | |
|---|---|
| **WARREN MCLEOD,** | )<br>) |
| Plaintiff, | )<br>) |
| | ) Cause No. |
| v. | )<br>) Division No. |
| **VITAL RECOVERY SERVICES, LLC,** | )<br>) |
| Serve at:<br>CSC-Lawyers Incorporating Service Company<br>221 Bolivar Street<br>Jefferson City, MO 65101 | )<br>)<br>)<br>)<br>)<br>) |
| Defendant. | ) |

### PETITION

COMES NOW Warren McLeod, by and through his undersigned counsel, and brings this cause of action under the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*) (the "FDCPA") against Vital Recovery Services, LLC ("Vital Recovery"), and in support thereof states to the Court the following:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a natural person, citizen of Missouri, and resident of St. Louis.

2. Vital Recovery is a foreign limited liability company, organized and existing under the laws of Georgia. It is registered to do business and is in good standing in Missouri.

3. This Court has jurisdiction over the subject matter of this civil suit pursuant to the Missouri Constitution. MO. CONST. Art. V § 14.

4. This Court has statutory authority to grant the relief requested herein pursuant to 15 U.S.C. § 1692k.

5. This Court may exercise personal jurisdiction over Vital Recovery for the reason that it regularly transacts its debt collection business in Missouri, and the conduct complained of herein occurred in Missouri or was otherwise directed towards Plaintiff in Missouri, satisfying Missouri's long-arm statute, § 505.500 R.S.Mo.

6. Venue is proper in St. Louis County pursuant to § 508.010.2(4) R.S.Mo.

7. Plaintiff and Vital Recovery never agreed to arbitrate any disputes between them.

## FACTS

*Vital Recovery Misleads Plaintiff as to the Amount He Owes on His Alleged Debt*

8. Vital Recovery sent Plaintiff a collection letter dated September 7, 2016 demanding payment for an alleged past-due credit account he obtained through WebBank that he used for personal and nonbusiness purchases.

9. As of the date of Vital Recovery's letter, Plaintiff was more than sixty (60) days past due on his payment, and the account was in default.

10. Within its letter, Vital Recovery represented to Plaintiff that the "Total Balance Due" of the debt was $5,210.83.

11. However, Plaintiff's documentation with his creditor stated that he only owed $5,072.56 as of the date of Vital Recovery's collection letter.

12. Therefore, on September 21, 2016, Plaintiff called Vital Recovery at the number provided within its letter in order to dispute the amount of the debt.

13. During the call, Plaintiff inquired as to how much he owed.

14. Rather than clarifying the actual amount Plaintiff owed, Vital Recovery provided two *more*, different, amounts due.

15. Vital Recovery stated that Plaintiff now only owed a "past due" amount of $440.22 on the account and that he owed a "Total Balance" of $5,237.80.

16. Vital Recovery's three separate amounts with different labels, (1) a "Total Balance" of $5,237.80; (2) a "Total Balance Due" of $5,210.83; and (3) a "past due" amount of $440.22, misled Plaintiff as to the actual amount he was obligated to pay on his account, in violation of 15 U.S.C. § 1692e.

### *Vital Recovery Misleads Plaintiff as to the Creditor of His Account*

17. Within its September 7, 2016 letter, Vital Recovery stated that Plaintiff's "Original Creditor" was WebBank" but that Vital Recovery was now the entity collecting the debt.

18. Vital Recovery also identified Lending Club as the "Current Creditor" near the top of the letter but, within the body of the letter, inconsistently stated that Lending Club no longer was servicing the account and that it was currently "held by" another entity altogether: Eaglewood Warehouse Trust I.

> VITAL RECOVERY SERVICES, LLC is now servicing the LOAN account noted above that is held by EAGLEWOOD WAREHOUSE TRUST I. This account was serviced by Lending Club and they have placed it with us for collections.

19. Therefore, during the September 21, 2016 phone call, Plaintiff asked Vital Recovery who Eaglewood Warehouse Trust I was in relation to his account.

20. Vital Recovery confessed that it had "no idea" who Eaglewood Warehouse was and could not explain why that entity was listed on the collection letter.

21. Given that Vital Recovery listed four different entities on its letter that were "servicing" and/or "holding" the account, and that Vital Recovery itself had "no idea" who Eaglewood Warehouse was, Vital Recovery misled Plaintiff as to who currently owned his account and who he was obligated to pay.

22. Vital Recovery thus failed to clearly apprise Plaintiff of the identity of his current creditor, in violation of 15 U.S.C. § 1692g(a)(2). *See Pardo v. Allied Interstate, LLC*, No. 1:14-CV-01104-SEB, 2015 WL 5607646, at *2 (S.D. Ind. Sept. 21, 2015) (finding the plaintiff stated a claim under section 1692g where "the letter's heading stated that 'LVNV Funding, LLC' was the 'Current Creditor,' but the letter's body referred to 'Resurgent Capital Services LP' as Allied's 'Client' and offered no explanation of the relationship between LVNV and Resurgent Capital or why/how Resurgent Capital was involved with the debt at all.").

### *Vital Recovery Overshadows Plaintiff's Dispute and Verification Rights by Imposing a Discrete Deadline Prior to the Expiration of His Dispute Period*

23. At the time of the September 21st call, Plaintiff's thirty (30) day period in which to exercise his rights as protected by 15 U.S.C. § 1692g was in full force and effect.

24. Notwithstanding this fact, during the call, Vital Recovery represented to Plaintiff that he would need to make his first payment no later than October 4, 2016.

25. Even assuming Plaintiff received Vital Recovery's September 7, 2016 collection letter the very same day printed on the face of the letter, Plaintiff's dispute and validation period extended to October 7, 2016.

26. In light of the actual date Plaintiff received the letter, his dispute and validation period extended up to and through at least October 12, 2016.

27. Vital Recovery's imposition of a discrete deadline for payment on the alleged debt that fell on a date before the expiration of his 30-day dispute period contradicted and overshadowed Plaintiff's dispute and verification rights under the FDCPA.

28. Plaintiff intended to dispute the alleged debt, but Vital Recovery's imposition of a discrete deadline within Plaintiff's dispute and validation period confused Plaintiff and led him

Electronically Filed - St Louis County - September 06, 2017 - 04:40 PM

to believe that his rights during the dispute and validation period were illusory or would not be honored.

29. Vital Recovery's representation that Plaintiff had to make a payment before October 4, 2016 therefore overshadowed his dispute, validation, and verification rights protected by the FDCPA (15 U.S.C. § 1692g). *See Schuller v. AllianceOne Receivables Management, Inc.*, No. 4:15-CV-298 (CDP), 2016 WL 427961, *4-5 (E.D. Mo. Feb. 4, 2016); *McHugh v. Valarity, LLC*, No. 4:14–CV–858 JAR, 2014 WL 6772469 *3 (E.D. Mo. Dec. 1, 2014); *Glackin v. LTD Finan. Servs., L.P.*, No. 4:13–CV–00717 (CEJ), 2013 WL 3984520, *2–3 (E.D. Mo. Aug. 1, 2013).

### *Vital Overshadows Plaintiff's Dispute and Verification Rights by Refusing to Honor His Repeated Attempts to Dispute the Debt.*

30. In addition to imposing a discrete payment deadline, Vital Recovery also refused to honor Plaintiff's attempts to dispute the debt.

31. Within its September 7, 2016 letter, Vital Recovery provided Plaintiff the following disclosure:

> Unless you notify VITAL RECOVERY SERVICES, LLC within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, VITAL RECOVERY SERVICES, LLC will assume this debt is valid. If you notify VITAL RECOVERY SERVICES, LLC in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, VITAL RECOVERY SERVICES, LLC will obtain verification of the debt or obtain a copy of a judgment and will mail you a copy of such judgment or verification. If you request of VITAL RECOVERY SERVICES, LLC in writing within 30 days after receiving this notice VITAL RECOVERY SERVICES, LLC will provide you with the name and address of the original creditor, if different from the current creditor.

32. Plaintiff understood that the only way he could avail himself of his dispute and verification rights was by contacting Vital Recovery Services.

33. During the September 21st phone call, Plaintiff informed Vital Recovery that he wanted to dispute the debt.

34. In contrast to its letter, Vital Recovery told Plaintiff that it would not allow him to dispute the debt over the phone and that he had to contact his creditor, Lending Club, if he wanted to dispute the debt.

35. When Plaintiff reminded Vital Recovery that his collection letter stated to dispute the debt directly with "Vital Recovery Services," Defendant – once again – told Plaintiff that he needed to contact Lending Club instead.

36. Despite his Plaintiff's repeated attempts, Vital Recovery refused to honor Plaintiff's dispute rights as protected by 15 U.S.C. § 1692g(a).

37. In addition, by inconsistently informing Plaintiff that he had to dispute and request verification of the debt from Lending Club, Vital Recovery also overshadowed Plaintiff's rights in violation of 15 U.S.C. 15 U.S.C. § 1692g(b).

38. Plaintiff suffered a concrete injury when Vital Recovery's above-described conduct overshadowed Plaintiff's dispute and verification rights in violation of 15 U.S.C. § 1692g. Vital Recovery's above-described conduct caused Plaintiff to believe that he could not exercise his dispute rights or that such an exercise would not be honored.

39. Vital Recovery's collection activity has caused Plaintiff to incur actual damages, including but not limited to anxiety, stress, and worry.

40. Vital Recovery's misrepresentations and other unlawful conduct as outlined herein caused Plaintiff to suffer statutory damages in the amount of $1,000.00, pursuant to 15 U.S.C. § 1692k.

**COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

41. Plaintiff re-alleges each and every preceding paragraph, and incorporates them by this reference as if fully set forth herein.

Electronically Filed - St Louis County - September 06, 2017 - 04:40 PM

Electronically Filed - St Louis County - September 06, 2017 - 04:40 PM

42. Plaintiff is a "consumer" as that term is defined by the FDCPA (15 U.S.C. § 1692a(3)).

43. Vital Recovery is a "debt collector" as that term is defined by the FDCPA (15 U.S.C. § 1692a(6)).

44. The alleged debt arises out of consumer, family, and/or household transactions.

45. The conduct from which Plaintiff seeks relief occurred within the past twelve (12) months.

46. In its attempts to collect the alleged debt from Plaintiff, Vital Recovery has violated the FDCPA, including, but not limited to:

   a. Overshadowing Plaintiff's right to dispute and request verification of the alleged debt by providing a discrete payment deadline within Plaintiff's 30-day dispute period, in violation of 15 U.S.C. § 1692g(b);

   b. Misrepresenting the character, amount, and legal status of the debt, in violation of 15 U.S.C. §§ 1692g(a)(1), 1692e(2)(A); and

   c. Failing to provide the requisite disclosures to a consumer within five days of its initial collection communication with a consumer, in violation of 15 U.S.C. § 1692g(a).

WHEREFORE, Plaintiff prays this honorable Court enter judgment in his favor and against Vital Recovery, specifically awarding the following:

   A. A finding and conclusion that Vital Recovery has violated the FDCPA as recited herein;

   B. Statutory damages;

   C. Actual damages;

Electronically Filed - St Louis County - September 06, 2017 - 04:40 PM

D. Costs, interest, and attorneys' fees as provided by law; and

E. Such other and further relief as this Court deems just and proper in the premises.

Respectfully submitted,

**BRODY & CORNWELL**

/s/ Bryan E. Brody

_____

BRYAN E. BRODY, #57580
ALEXANDER J. CORNWELL, #64793
7730 Carondelet Avenue, Suite 135
St. Louis, Missouri 63105
Phone: (314) 932-1068 / Fax: (314) 228-0338
BBrody@BrodyandCornwell.com
ACornwell@BrodyandCornwell.com